In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas A. ROTHSTEIN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Thomas A. ROTHSTEIN, Respondent.

Supreme Court

*No. 2010AP494–D.—Decided April 28, 2010.*

2010 WI 30

(Also reported in 781 N.W.2d 490.)

¶ 1. PER CURIAM. This is a reciprocal discipline matter. We review the stipulation entered by Attorney Thomas A. Rothstein and the Office of Lawyer Regula-

tion (OLR) for the imposition of discipline reciprocal to that imposed by the Minnesota Supreme Court. After our review of the matter, we accept the stipulation. By virtue of having been disbarred by the Minnesota Supreme Court for violation of the Minnesota Rules of Professional Conduct, Attorney Rothstein is subject to reciprocal discipline in Wisconsin. We revoke Attorney Rothstein's license to practice law in Wisconsin. The OLR does not seek costs. Accordingly, no costs will be imposed.

¶ 2. Attorney Rothstein was admitted to the State Bar of Wisconsin in 1999. He was admitted to practice law in Minnesota in 1991. On September 3, 2009, Attorney Rothstein's Wisconsin law license became inactive. His law license remains inactive.

¶ 3. On October 14, 2009, Attorney Rothstein pled guilty to one count of felony theft by swindle in an amount more than $35,000, in violation of Minn. Stat. § 609.52, subds. 2(4) and 3(1). His guilty plea was based on his misappropriation of funds from the law firm where he worked as a partner. Attorney Rothstein's misconduct violated the Minnesota Rules of Professional Conduct. The stipulation between Attorney Rothstein and the OLR states that by virtue of being disbarred by the Minnesota Supreme Court for his misconduct, Attorney Rothstein is subject to reciprocal discipline pursuant to SCR 22.22.[1] Attorney Rothstein stipulates that he does not claim any of the potential defenses articulated

---

[1] SCR 22.22 provides, in part: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

in SCR 22.22(3)(a)-(c). Attorney Rothstein stipulates to the revocation of his license to practice law in Wisconsin, reciprocal to the discipline imposed in Minnesota.

¶ 4.  The stipulation was filed pursuant to SCR 22.12, with the request that the court consider the disciplinary complaint and stipulation without the appointment of a referee.[2] The stipulation states it is not

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule. . . .

[2] SCR 22.12 provides, in part, as follows:  Stipulation.

the result of plea bargaining, that Attorney Rothstein admits the facts and misconduct alleged, and that Attorney Rothstein verifies he fully understands the misconduct allegations. He stipulates he fully understands the ramifications should the court impose the stipulated level of discipline; he fully understands his right to contest the matter and his right to consult with and retain counsel. Attorney Rothstein acknowledges he has retained counsel and he enters into the stipulation knowingly and voluntarily. He understands that revocation of his law license will result in his law license remaining revoked until and unless he successfully petitions for reinstatement, pursuant to the procedures set forth in SCRs 22.29–22.33.

¶ 5. Upon our review of the matter, we accept the stipulation and impose discipline identical to that imposed by the Minnesota Supreme Court. *See* SCR 22.22(3).

¶ 6. IT IS ORDERED that the license of Thomas A. Rothstein to practice law in Wisconsin is revoked, effective the date of this order.

¶ 7. IT IS FURTHER ORDERED that Thomas A. Rothstein shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

___

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. . . .